**COATING ENGINEERS (PRIVATE) LIMITED**

v.

**The ELECTRIC MOTOR REPAIR CO., et al.**

**Civ. No. Y–92–3252.**

United States District Court, D. Maryland.

July 6, 1993.

Maqsood Hamid Mir, Washington, DC, for plaintiff.

Thomas Bruce Hanley, Baltimore, MD, for defendant.

Milissa Ann Murray, Washington, DC, for third-party defendant.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

In this breach of contract action, Third-party Defendant ROMAC Supply Co., Inc. (ROMAC) seeks to dismiss the Complaint of Third-party Plaintiff Electric Motor Repair Company (EMR) for lack of personal jurisdiction. Because the Court finds that RO-MAC has not had sufficient contact with Maryland to justify the exercise of personal jurisdiction, ROMAC's Motion will be granted.

## FACTS

Plaintiff Coating Engineers (CE) a Pakistani importer/exporter of machinery and goods, sought to purchase two electric motors from EMR, a Maryland corporation, who attempted to obtain those motors from ROMAC, a California corporation. In response to an inquiry from CE, EMR requested two electric motors from ROMAC. RO-MAC responded with a proposal, which was valid for 30 days, on June 3, 1992. EMR submitted a purchase order for a different type of motor on July 31, 1992, in apparent reliance on earlier telephone conversations. The parties continued their negotiations through August 1992, which culminated in ROMAC's withdrawing from the transaction. EMR contends that ROMAC had promised the required engines and EMR entered a contract with CE based on that understanding. When ROMAC did not supply the engines, EMR breached its contract with CE. CE has filed suit against EMR for breach of contract and EMR has filed a Third-party Complaint against ROMAC for breach of contract, indemnification, and contribution.

All of EMR's negotiations with ROMAC were conducted over the telephone and RO-MAC's initial offer provided for delivery of the engines to a location in California, RO-MAC's sole place of business. ROMAC is not licensed to do and does not regularly conduct business in Maryland, has never had a physical presence in Maryland, does not have any employees or agents in Maryland, and has had no prior dealings with EMR. Thus, EMR's only grounds for alleging that ROMAC purposefully sought contacts with Maryland are ROMAC's negotiations with EMR on this single transaction and its listing in an international index of engine suppliers which has some circulation in Maryland.

## DISCUSSION

It is important to note at the outset that in resolving the jurisdictional question, the Court does not decide whether a contract was formed between the parties. Rather the issue is whether ROMAC's contacts with Maryland justify the exercise of jurisdiction.

■ Maryland's Long–Arm statute provides in relevant part for personal jurisdiction over a corporation that:

(1) Transacts any business or performs any character of work or service in the State; [or]

(2) Contracts to supply goods, food, services, or manufactured products in the State; Md.Code Ann.Cts. and Judic.Proc. § 6–103(b). The jurisdiction conferred by the Long-arm statute is consistent with that permitted by the Due Process Clause of the Fourteenth Amendment. *Finance Co. of America v. Bankamerica Corp.*, 493 F.Supp. 895, 901 (D.Md.1980); *Marriott Corp. v. Village Realty & Investment Corp.*, 472 A.2d 510, 514, 58 Md.App. 145 (1984).

 ROMAC's telephone conversations with a party in Maryland and listing in a publication with circulation in Maryland do not constitute transacting business or contracting to supply goods within the meaning of the statute. In *Marriott Corporation v. Village Realty & Investment Corp.*, 472 A.2d 510, 58 Md.App. 145 (1984), the court held that the defendants, who had merely engaged in negotiations with Marriott, had not established the minimum contacts with Maryland necessary for Maryland courts to exercise *in personam* jurisdiction in a breach of contract case. 472 A.2d at 515. In fact, most of the contacts were by telephone, and although one of the *Marriott* defendants had delivered some papers in person to the plaintiff in Maryland, the court declined to exercise jurisdiction. Furthermore, unlike *Prince v. Illien Adoptions Intern., Ltd.*, 806 F.Supp. 1225, 1229 (D.Md.1992), where the court did exercise personal jurisdiction, ROMAC did not engage in "purposeful solicitation" of business in Maryland by advertising in a Maryland-based newsletter. Thus, ROMAC's telephone contacts with EMR and listing in a journal do not confer jurisdiction under the Maryland Long–Arm statute.

The Due Process Clause of the Fourteenth Amendment protects defendants who lack meaningful relations with a forum, where the exercise of *in personam* jurisdiction would offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). The test is one of reasonableness and fairness. In *Chung v. Nana Development Corp.*, 783 F.2d 1124 (4th Cir.), *cert. denied*, 479 U.S. 948, 107 S.Ct. 431, 93 L.Ed.2d 381 (1986), the court held that an Alaskan corporation selling goods to a Virginia resident did not have sufficient contacts with Virginia, even though the company arranged to have part of the purchase shipped by common carrier to Virginia and the contract was negotiated over the telephone. As in *Chung*, communications were initiated by the buyer, the Third-party Defendant made no effort to develop a market for its product in Maryland, and no agreement for continuing business relations was entered into. Exercise of personal jurisdiction over ROMAC would be an unreasonable and unfair violation of the Third-party Defendant's Due Process rights.

ROMAC has also requested attorney's fees from EMR, alleging that the motions filed were "wholly unnecessary." Absent evidence that EMR has acted in bad faith or with improper purpose, the Court will not impose sanctions on the Third–Party Plaintiff under Federal Rule of Civil Procedure 11.